UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ERICKSON JINAUT,

                Plaintiffs

-against-

THE CITY OF NEW YORK, P.O. DYAL
P.O. BRANDON LIPES, P.O. JEFFREY ZJAWIN
and P.O. PAUL VENTRE

                Defendants.

------------------------------------------------------------X

DOCKET NO._____

ROSS, J.

JURY TRIAL
Pursuant to FRCP 38(b)

J. ORENSTEIN, M.J.

COMPLAINT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 12 2008 ★
BROOKLYN OFFICE

Plaintiff, by his attorney, **GARY N. RAWLINS**, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. This is a civil litigation action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States. On October 4, 2005, Defendants, while acting in their capacities as policemen of the City of New York, unlawfully and improperly arrested the plaintiff, used excessive force on the plaintiff, caused the plaintiff to suffer serious and permanent personal injuries, and wrongfully arrested the plaintiff, thereby depriving the plaintiff of his liberty without due process of law and depriving the plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331. Mr. Erickson Jinaut seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for the violation of his civil rights pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988. All

1

causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

2. The plaintiff, **ERICKSON JINAUT**, at all times herein mentioned was and still is a resident of the County of Kings and the State of New York.

3. At all times mentioned herein, defendants **P.O. DYALL, P.O. BRANDON LIPES, P.O. JEFFREY ZJAWIN AND P.O. PAUL VENTRE ("OFFICERS")**, were residents of the County of Kings and the State of New York.

4. At all times herein mentioned, defendant **THE CITY OF NEW YORK ("NYC")**, was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

5. Prior to the commencement of this action, a notice of claim in writing was served on behalf of **JINAUT**, upon **NYC** and **NYPD** in accordance with Section 50-e of the General Municipal Law.

6. That notice of claim was served on October 26, 2005.

7. Within ninety days of (90) of October 4, 2005 a notice of claim in writing was served on behalf of **JINAUT**, upon **NYC** and **NYPD**, in accordance with Section 50-e of the General Municipal Law.

8. Prior to the commencement of this action, notice of the intention of **JINAUT** to commence an action, unless the claim presented was adjusted within the prescribed time as set forth by the Charter of New York to adjust such claims, was served on behalf of **JINAUT** upon **NYC**.

9. Although more than thirty (30) days have elapsed since service of such

2

notice of claim, the defendants neglected and have refused to pay said claim or adjust same.

10. A hearing pursuant to General Municipal Law 50-h has been held.

11. At all times herein mentioned, defendant **NYC** and defendant **OFFICERS** stood in such a relationship with each other in providing law enforcement services as to make each liable for the acts and omissions of the others.

12. Defendant **NYC** is vicariously liable for the acts of defendants **OFFICERS**.

13. At all times herein mentioned, the defendants **OFFICERS** and were police officers employed by the New York City Police Department, and at all times material to there complaint, these defendants acted toward plaintiff under color of statutes, ordinances, customs and usage of the State of New York, City of New York, County of New York and the New York City Police Department.

14. This action is commenced within one (1) year and ninety (90) days from October 4, 2005, the date of the incident.

15. Plaintiff sues all defendants in their individual capacities.

16. On or about October 4, 2005, Defendants **OFFICERS** and illegally, unlawfully, willingly, maliciously, and intentionally, without a cause, apprehended, arrested, used excessive force, searched Plaintiff and detained Plaintiff without cause or justification and violated plaintiff's federal civil and constitutional rights.

17. Following the excessive use of force, and unlawful search and seizure the defendants wrongfully, without any warrant or authority of law arrested the plaintiff and detained him against his will.

18. That the unlawful search and seizure, excessive use of force, arrest was made by the defendants without any warrant and in violation of legal process directing or authorizing the plaintiff's unlawful search and seizure or legal detention.

3

19. That upon information and belief, the plaintiff was pushed to the ground while defendant **OFFICERS** beat and kicked the plaintiff on and about the back, neck, head, face and mouth causing, permitting, and allowing plaintiff to suffer multiple injuries to his body.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF JINAUT FOR VIOLATION OF HIS RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SIEZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

20. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

21. That as a result of the excessive use of force, false arrest and imprisonment, plaintiff **JINAUT**, being a citizen of the United States, Defendants, individually and/or vicariously subjected Plaintiff to deprivations of his rights, privileges and immunities secured by the Constitution of the United States, and Plaintiff sustained deprivations of his personal liberty, invasions of his privacy, and violations of his civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in his person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of his character and reputation, was prevented from attending to his usual duties, all to his damage in the sum of **$3,000,000.00 (THREE MILLION DOLLARS)** and exemplary damages in the punitive amount of **$6,000,000.00 (SIX MILLION DOLLARS)**.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF FOR THE VIOLATION OF HIS RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

22. Plaintiff repeats each and every allegation set forth above with the same

4

force and effect as if set forth herein.

23. The amount and type of physical force used upon plaintiff by defendants, individually and/or vicariously, by and through their agents, servants and /or employees, was unnecessary, improper, excessive and not reasonably justified under any circumstances. The fact that unreasonable force was used is confirmed by a Civilian Complaint Review Board finding attached hereto as Exhibit A.

24. The amount and type of physical force used upon Plaintiff by Defendants, individually and/or vicariously, by and through their agents, servants and/or employees demonstrated an intentional, willful, malicious and reckless disregard for and deliberate indifference to Plaintiff's rights and physical well-being.

25. The aforementioned use of force caused immediate injury in the form of pain, severe bodily injury, suffering, bruises, shock, fright, humiliation, embarrassment and deprivation of Plaintiff's constitutional rights.

26. As a result of the foregoing, Plaintiff has been damaged in the amount of damage in the sum of $3,000,000.00 (THREE MILLION DOLLARS).

## AS AND FOR A THIRD CAUSE OF ACTION FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

27. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

28. As a result of the above actions, defendant **NYC,** individually, and/or vicariously, by and through its agents, servants and /or employees and **OFFICERS** failed to intervene to prevent or end the unlawful conduct inflicted upon Plaintiff by defendants.

29. As a result of the foregoing, defendant, **NYC** individually, and and/or vicariously by and through their agents servants and/or employees, and **OFFICERS** displayed a deliberate indifference to Plaintiff's rights to be free from unreasonable searches and seizures and excessive use of force.

30. As a result of the foregoing, Defendant **NYC** individually and/or vicariously by and through its agents servants and/or employees and **OFFICERS** acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to Plaintiffs rights and physical well being.

31. As a result of the foregoing, Plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR PRIMA FACIE TORT IN VIOLATION OF HIS CIVIL RIGHTS

32. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

33. By knocking the plaintiff to the ground and kicking plaintiff on the back, neck, head, face and teeth, Defendant **OFFICERS** harmed Plaintiff both physically and mentally.

34. The above acts were willful, outrageous, and without reasonable or probable cause, or justification.

35. Defendant **OFFICERS** committed said acts with the deliberate intent of injuring the Plaintiff, and that as a result of these acts, Plaintiff was damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR AN FIFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IN VIOLATION OF HIS CIVIL RIGHTS

36. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

37. By Plaintiff tackling from behind and knocking him to the ground, Defendant **OFFICERS**, engaged in extreme and outrageous conduct that caused Plaintiff mental and emotional distress.

53. Consequently, Plaintiff was damaged thereby in the amount of THREE

MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR BATTERY IN VIOLATION OF HIS CIVIL RIGHTS

57. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs.

58. By knocking plaintiff to the ground and kicking plaintiff on the back, neck, head, face and teeth, Defendant **OFFICERS** committed un-permitted harmful and offensive contact upon Plaintiff, committing battery. Said Defendants intended the conduct to cause, plaintiff physical and mental/emotional harm.

59. Defendants' battery upon Plaintiff caused, permitted and allowed Plaintiff to suffer physical, mental and emotional harm.

60. As a result of Defendants' acts, Plaintiff was damaged in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR AN SEVENTH CAUSE OF ACTION FOR ASSAULT IN VIOLATION OF HIS CIVIL RIGHTS

61. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs.

62. By knocking plaintiff to the ground and kicking plaintiff on the back, neck, head, face and teeth, Defendant **OFFICERS** committed un-permitted harmful and offensive contact upon Plaintiff, committing battery. Defendant created a reasonable apprehension in Defendant of immediate harmful or offensive contact. Plaintiff intended to create such an apprehension, and caused, permitted and allowed Defendant both physical and emotional distress.

63. As a result of Defendants acts, Plaintiff was damaged in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

64. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs.

65. Defendants' acts were reckless, willful, outrageous and outside the bounds of conduct tolerated in a civil society.

66. Plaintiff demands punitive damages in the amount of SIX MILLION ($6,000,000.00) DOLLARS.

**WHEREFORE**, the Defendant demands:

    a.    judgment awarding damages against each and every defendant in the First Cause of Action in the sum of $3,000,000.00 (THREE MILLION DOLLARS) and exemplary damages in the punitive amount of $6,000,000.00 (SIX MILLION DOLLARS)

    b.    judgment against each and every defendant on each individual cause of action in the Second through SEVENTH Causes of Action in the amount of SIX MILLION DOLLARS ($6,000,000.00).

    c.    judgment against each and every defendant on the EIGHTH Cause of Action in the amount of ($6,000,000.00) SIX MILLION DOLLARS;

    d.    interest, attorneys fees, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

Dated: Brooklyn, New York
June 11, 2008

                                                                            _____
                                                                            GARY N. RAWLINS, ESQ.
                                                                            *Attorney for Plaintiff*
                                                                            ERICKSON JINAUT
                                                                            310 Livingston Street
                                                                            Brooklyn, New York 11217
                                                                            Tel: (718) 855-3005
                                                                            Fax: (718) 855-1033


To:   Michael A. Cardozo
      New York City Law Department
      100 Church Street
      New York, New York 10007

      P.O. Dyal
      67th Precinct
      2820 Snyder Avenue
      Brooklyn, New York 11226

      P.O. Brandon Lipes
      67th Precinct
      2820 Snyder Avenue
      Brooklyn, New York 11226

      P.O. Jeffrey Zjawin
      67th Precinct
      2820 Snyder Avenue
      Brooklyn, New York 11226

      P.O. Paul Ventre
      67th Precinct
      2820 Snyder Avenue
      Brooklyn, New York 11226